Seymour R. RAYOR, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18653.

United States Court of Appeals Ninth Circuit.

Oct. 8, 1963.

Ernest R. Mortenson, Pasadena, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and Richard G. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

We dismissed appellant's appeal for what we thought obvious reasons. His vigorous petition for rehearing persuades us we should reply in some detail.

Rule 33 of the Federal Rules of Criminal Procedure requires a motion for a new trial based on any other ground than newly discovered evidence to be made within five days after *verdict* or finding of guilty, or within such further time as the court may fix during the five days period.

Rule 34 (to be hereinafter discussed) requires a motion in arrest of judgment to "be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period."

It is undisputed that the jury in this case convicted defendant by a verdict rendered on November 14, 1962. On or before November 19, 1962, any motion for a new trial (not on the grounds of newly discovered evidence) was required to be filed, or an application made to the court for an extension beyond that five day period.

There were two motions for a new trial filed in this case. The first was filed on January 4, 1963 (Tr. p. 154) on several grounds, but *not* on grounds of newly discovered evidence.

On January 9, 1963, the government filed its opposition to the motion for new trial, pointing out the then pending motion was not filed on the ground that there was newly discovered evidence, although eight other grounds had been carefully specified. No contention is made here that anything was done before December 20, 1962, the day of sentence.

Lott et al. v. United States, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940, is relied upon by appellant as demonstrating "beyond doubt that the same periods under the rules were involved in Lott and the instant case." We ruled the Lott case was not controlling.

There are two reasons the Lott case was not controlling. (a) In Lott, pleas of *nolo contendere* were involved, and not a jury verdict. (b) In Lott, Rule 34 and not Rule 33 was involved. They contain different language.

We note in the able opinion of Mr. Justice Whittaker in Lott, that although the Supreme Court was invited to rule that Rule 37(a) (2) (and *only* 37(a) (2)) controlled all appeals; and that Rules 33 and 34 should be completely disregarded because controlled by Rule 37(a) (2), it declined to do so, leaving "that problem and its kindred ones, brought to the face in this case, for resolution by the rule-making process."

Thus in Lott, the Supreme Court "concluded that it was the judgment of conviction and sentence, not the tender and acceptance of the pleas of *nolo contendere*, that constituted the 'determination of guilt' within the meaning of Rule 34 * * * the plea itself does not constitute a conviction nor hence a 'determination of guilt.' "

The court noted that at any time before sentence is imposed the plea may be withdrawn and "necessarily then, it is the judgment of the court—not the plea—that constitutes the 'determination of guilt.' "

Of course, after a trial by the court and a finding of guilty, a judge conceivably could change his mind prior to judgment, and set aside the finding of guilt. But this court has already rejected this possibility as a reason for judicially wiping out the plain meaning of Rule 33. Pugh v. United States, 9 Cir., 1952, 197 F.2d 509, 511. Such reasoning we said

would make Rule 33 "an absurd superfluity." And we said the court's "finding of guilty" is, in Rule 33, treated "exactly like a verdict of guilty." Marion v. United States, 9 Cir., 1948, 171 F.2d 185, 186, cert. denied 337 U.S. 944, 69 S.Ct. 1500, 93 L.Ed. 1747.

■ In the instant case, we deal with Rule 33 alone. Its language differs from Rule 34: it specifically says five days after *verdict* or finding of guilty. The finding of guilt *in a jury case* is made only by a jury's verdict; not by any pronouncement of sentence thereafter. To follow appellant's reasoning, we would be required to read out of Rule 33 the key word—"verdict", and hold it has no meaning. This we cannot do.

The appellant here could not (unlike his counterparts in the Lott case) "withdraw" the jury's verdict of guilty. It was the jury which created a finding of guilt, and the reference to "verdict or finding of guilt" obviously is to cover both jury and nonjury cases. In the latter, with no verdict, there is no finding of guilt until the court so rules.

We envision, with the same concern as the dissenting judges in Lott display, a fear of "utter confusion" with the trial courts in a condition of "procedural distraction" if appellate courts continually enlarge the time for appeal, contrary to the express language of the rules.

Whether we like such rules or not, we are bound by them, and Lott v. United States, supra, does not set us, nor the appellant in this case, free to follow any rule we please, or prefer to the adopted rules.

Insofar as the original motion for new trial is concerned, there is no question but that it was not timely filed.

But appellant, on January 10, 1963, *before the first motion for new trial had been decided* (and doubtless in recognition of the strength of the government's position) filed a second motion for new trial (Clerk's Trans. p. 162), on the *sole* ground of newly discovered evidence.

Under such circumstances, the second motion comes before the trial court with suspicion as to the appellant's good faith. A careful reading of the very short affidavit filed by appellant (less than one page) indicates (a) vague general allegations of newly discovered evidence; [1] (b) a specific reference to the fact appellant had testified at the trial he had paid the tax twice on income from the sale of certain property; that this testimony was stricken by the court; that "since the verdict was returned he had discovered evidence of payment of tax twice. This includes a cancelled check in the amount of $42,157.27 constituting a payment of income tax."

The affidavit filed by appellant's counsel was longer; recited the same limited facts as set forth above, and various *conclusions* (1) that "since the return of the jury verdict *affiant* discovered for the first time that he could prove by other evidence that tax had been paid from the sale of said properties twice." No attempt was made to delineate what the other evidence was, or why it could not have been discovered earlier, or what the *one* discovered check would prove, or how it could do so. (2) That in January 1963, appellant discovered other facts which could prove that taxable income was not properly allocated. Again, no attempt was made to specify what the "other facts" were, and how they could prove what counsel concluded they could, or what diligence had been exercised, or why the facts could not have been discovered before.

The affidavit then relates a telephone conversation with a government agent, occurring after the trial, asserting that if affiant had known what the government "contemplated" at the trial, he would have called this government employee as a witness. Leaving for the instant the question of the admissibility of a government investigator's testimony as to what acts the government "contemplated" in the future, no showing of dili-

---

1. "7) That further evidence has been discovered which it is believed would have affected the jury's verdict if it had been known to exist at the time of trial."

gence or reasons for lack of investigation or preparation are here attempted.

The court, as we have noted, denied the motion for a new trial on the ground of newly discovered evidence. Under well known rules applying to such motions (see cases post) the action was eminently proper. The trial court later denied the original motion for a new trial, as untimely. Appellant's counsel moved for reconsideration (Clerk's Trans. p. 170). We assume this was denied, although the Clerk's Transcript brought before us does not show this; except by an indirect reference to such denial "on January 23rd, 1963" contained in a Notice of Appeal (Cl.Tr. p. 183).

On January 16, 1963, appellant filed appeal from the denial of his said (second) motion for new trial (on the ground of newly discovered evidence). (Cl.Tr. pp. 177–178.)

On January 24, 1963, appellant filed an appeal from the later denial of his "said (first) motion for new trial, and from order dismissing defendant's motion for new trial." (Cl.Tr. p. 183).

For the reasons hereinbefore stated, appellant's first motion for new trial was not timely filed. It was properly denied on that ground, and on the motion to dismiss the appeal therefrom we granted the motion. We decline to change that order, and reaffirm our action.

Appellant's appeal from his *second* motion for a new trial cannot be dismissed on the ground it was not timely filed. It was. (Rule 33, Fed.R.Crim.P.)

The judgment in this case was filed December 20, 1962 (Tr. p. 153).

Rule 37(a) (2), discussed above, requires an appeal

"within 10 days after entry of the judgment or order appealed from, but if a motion for new trial * * * has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion."

In this case, no motion for new trial on any ground was made within this ten day period. Thus no appeal from the judgment of conviction lies here.

Appellant apparently recognizes this, and did not purport to appeal from the judgment of December 20, 1962. His *first* notice of appeal is from "the denial of said motion for new trial;" his *second* made on grounds of newly discovered evidence. (Cl.Tr. p. 178.) His *second* notice of appeal is from "the denial of said motion for new trial and from order dismissing defendant's motion for new trial"—his *first*—made on January 4, 1963 on various grounds (Cl.Tr. pp. 182–183).[2]

When a timely motion for new trial is made, it suspends the running of time within which an appeal must be filed from the judgment of conviction. Ten days for appeal then runs from the date the motion is denied. Rule 37(a).

We repeat: The first motion for new trial was not timely. The second was. The second suspended the running of the time for appeal from the judgment of conviction to ten days after the denial of the timely motion. The timely motion (second) was denied January 14, 1963. An appeal was taken from *it* on January

2. Appellant refers in this second notice of appeal to "A motion for new trial made on December 20th, 1962, following sentencing of the defendant." There is no evidence before us such motion was so made. There is evidence that the court, on "12/20/62 * * * Ent. ord. Mot. New Trial be hrd 1–14–63, 1:30 P.M." Thus all parties know a motion for new trial was to be heard on January 14, 1963. An inference might arise that such a motion had been made on December 20, 1962, or that such a motion was to be subsequently made by appellant's counsel, in writing. The latter inference is supported by the filing of such a motion in writing on January 4, 1963 (Cl.Tr. p. 154). No reference was therein made to a previous, or any, oral motion. But more important, such alleged and purported oral motion of December 20, 1962 was in violation of Rule 47. There is no showing the court permitted it to be made orally, hence it was required to be in writing.

16th, 1963. That was timely appeal. But no appeal was taken from the judgment of conviction.

Thus the only matter now before this court is an appeal from the order denying the motion for new trial on the ground of newly discovered evidence, i. e., whether the trial court should have granted such a motion.

Section 8.58 of Federal Civil Practice lays down hornbook law:

"A party may obtain a new trial to present newly discovered evidence when it appears [1] that the proposed evidence deals with facts existing at the time of trial, [2] that the aggrieved party was excusably ignorant of these facts, [3] that he could not have found these facts by the exercise of reasonable diligence before trial, [4] that the evidence is material and not merely cumulative, and [5] that the evidence would materially change the result of the trial. See: Lavino v. [Jamison]. (9th Cir., 1956) 230 F.2d 909; [State of] Washington v. United States (9th Cir., 1954) 214 F.2d 33; United States v. Bransen (9th Cir., 1944) 142 F.2d 232.

"Except for a clear abuse of discretion in granting or denying a motion for new trial on this ground, the trial court's order is not grounds for reversal. [Jones] v. Jones (9th Cir., 1957) 250 F.2d 454; Cedar Creek Oil & Gas Co. v. Fidelity Gas Co. (9th Cir., 1957) 249 F.2d 277 (if a party failed to prove an allegation indispensable to his case, he is not entitled to another opportunity to submit proof on that issue). See Norwich Union Fire Ins. Soc. [Limited] v. Glasser (9th Cir., 1955) 224 F.2d 385 (the neglect of counsel in introducing wrong documents cannot be excused); Aerated [Products Co. of Los Angeles] v. Aeration Processes (S.D.Cal.1950) 95 F.Supp. 23 (a party cannot obtain a new trial on the ground that his counsel failed to evaluate the evidence properly)."

Clearly, on the record before us, there exists no abuse of discretion.

The motion to dismiss was brought on by the government *after* appellant filed his opening brief. It is before us, as it was when we originally heard the motion.

Ten errors are alleged, all having to do with the conduct of the trial, save one— the eighth. It claims error in dismissing the motion for new trial "made on the date of sentencing."

In the argument in support of appellant's position, there are 24 pages of argument, and but one sentence referring to the alleged eighth error. That reads:

"The Motion for a New Trial was dismissed in direct contravention of the ruling of the Supreme Court in Lott v. United States [367 U.S. 421], 81 S.Ct. 1563 [6 L.Ed.2d 940], 7 A.F.T.R. 2 1591."

We have disagreed and continue to disagree. We will not allow an appeal heard on issues not properly brought before us.

The petition for rehearing is denied.