**COUNTY OF TRINITY, a political subdivision of the State of California, by William R. Neill, its District Attorney, Plaintiff,**

v.

**Cecil D. ANDRUS, Secretary of the Department of the Interior, Keith Higginson, Commissioner of Reclamation, and B. E. Martin, Director of the Mid-Pacific Regional Office of the Bureau of Reclamation, Defendants,**

**Hoopa Valley Tribe of Indians, Plaintiff-Intervenor.**

**No. S–77–343–PCW.**

United States District Court, E. D. California.

Dec. 15, 1977.

William R. Neill, Dist. Atty., County of Trinity, Weaverville, Cal., Harold E. Rogers, Jr., Gary Widman, Tiburon, Cal., for plaintiff.

Richard W. Nichols, Chief Asst. U. S. Atty., Sacramento, Cal., for defendants.

Wesley L. Barker, Mandich, Clark & Barker, Sacramento, Cal., Richard B. Collins, Jeanne S. Whiteing, Native American Rights Fund, Boulder, Colo., for plaintiff-intervenor.

## ORDER DENYING MOTION FOR NEW TRIAL

RENFREW, District Judge, Sitting by Designation.

Final judgment in this action having been entered in favor of defendants on October 27, 1977, plaintiff County of Trinity filed on November 3, 1977, a timely motion for a new trial on grounds of newly discovered evidence. Pursuant to stipulation and order, the motion was submitted to the Court without argument on November 30, 1977, on the basis of the parties' briefs, the affidavit of Earl S. Wolcott, III, filed November 3, 1977, and the affidavit of Felix E. Smith, filed November 21, 1977. After careful consideration of each of these documents, the Court concludes that plaintiff has failed to make the showing required for a reopening of the case pursuant to Federal Rule of Civil Procedure 59.

The new facts submitted consist principally of flow release recommendations made by the Action and Management Groups of the Trinity River Basin Fish and Wildlife Task Force ("Task Force") on August 25 and September 28, 1977, long after the hearing on the merits of the action conducted on July 11, 1977. Compelling policies of finality require that in the absence of exceptional circumstances, events occurring after a trial on the merits cannot justify the reopening of a judgment. *E. g.*, *State of Washington v. United States*, 214 F.2d 33, 46–47 (9 Cir.) *cert. denied*, 348 U.S. 862, 75 S.Ct. 86, 99 L.Ed. 679 (1954); *see* *Rayor v. United States*, 323 F.2d 519, 523 (9 Cir. 1963), *cert. denied*, 375 U.S. 993, 84 S.Ct. 632, 11 L.Ed.2d 479 (1964); *Ursini v. Menninger Foundation*, 384 F.Supp. 158, 162–163 (E.D.Cal.1974). However, in this case, extensive briefing and evidence were submitted after the hearing. Consequently, the date on which the "trial" was concluded is unclear. For purposes of this motion, it is unnecessary to decide either the precise date of completion, or whether plaintiff exercised reasonable diligence in ascertaining and presenting new facts to the Court. Even assuming these requirements to be met, the evidence in question is insufficient to require a new trial on two grounds.

First, there has not as yet been any recommendation by the Task Force's policy and decisionmaking body, and there is no evidence that either of the intermediate level recommendations has been presented to the Secretary of the Interior for administrative consideration, as required by the statute authorizing the project. Act of August 12, 1955, Pub.L. No. 84–386, 69 Stat. 719; Memorandum of Opinion filed October 13, 1977, at 10.

Second, even if all the documents presently before the Court had been available to the Secretary at the time he made the flow release determinations reviewed by the Court in this action, and to the Court at the time of trial, they could not have changed the result. Although differing slightly from those previously before the Court, the

new recommendations continue to acknowledge that it is impossible to predict with certainty that the particular flows recommended will benefit the fish. Thus, the "Action Group" characterized its proposal as an interim one, pending reassessment, experimentation, and correction of other problems as yet unknown. Significantly, that group also noted that consideration should be given to reducing flows in critically dry years. Exhibit A to the Affidavit of Felix E. Smith, supra, at 2. In response to inquiries concerning documentation of need, the "Management Group" was told that "flows of 300 ft$^3$/s could be justified during *portions of the year* for fish *and recreation* needs. However, the 350,000 acre-feet *per se could not be demonstrated to be needed* and should be considered to be an interim level of releases." Exhibit C to Affidavit of Felix E. Smith, *supra*, at 4 (emphasis added).

██ As thus qualified, the new recommendations merely reinforce the Court's earlier findings that some amount of additional water would benefit the fish, that experimentation is necessary to determine the precise quantities and timings required, and that no one can predict with certainty that the specific amounts now proposed would result in larger fish populations. Since the Secretary was entitled to consider any recommendation in light of environmental conditions and of the overall demand on the CVP, and since the new recommendations promise no more certain benefit to the fish than did the earlier ones, the Court's conclusion that the Secretary's decision was neither arbitrary, capricious, nor an abuse of discretion is wholly unaffected by the new evidence. *See* Memorandum of Opinion filed October 13, 1977, at 20–21, 23–26. Such essentially cumulative new evidence, going only to the weight and credibility of existing evidence, provides no basis for granting a new trial. *Baynum v. Chesapeake and Ohio Railway Company*, 456 F.2d 658, 662 (6 Cir. 1972); *Rayor v. United States, supra*, 323 F.2d at 523.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a new trial is denied.