In re AUBURN MEDICAL
REALTY, Debtor.

David FERRARI, Trustee of Auburn
Medical Realty, Plaintiff,

v.

Charles E. BONARDI, Jr., d/b/a Auburn
Medical Center Restaurant, and Auburn
Medical Center Restaurant, Inc., Defendants.

Bankruptcy No. 4–80–122–G.

Adv. No. 4–80–0049.

United States Bankruptcy Court,
D. Massachusetts.

June 30, 1980.

Jerome E. Rosen, Boston, Mass., for plaintiff.

Jack L. Wolfson, Worcester, Mass., for trustee.

Nicholas G. Andreson, Worcester, Mass., Office of the U.S. Trustee, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

PAUL W. GLENNON, Bankruptcy Judge.

On June 9, 1980, this Court entered its Memorandum and Order in the above named adversary proceeding. On June 18, 1980, the plaintiff filed a Motion for Rehearing, alleging that there was newly discovered evidence which would contradict the Findings of this Court that the Auburn Medical Center Restaurant, Inc. was in possession and occupying the premises owned by the debtor. On June 23, 1980, the defendants filed their objection to any rehearing.

A conference was held on June 25, 1980 at which time both parties submitted Memoranda of Law concerning their respective positions. In light of the circumstances that there is little question of fact to be determined, the Court took the case under advisement.

The Federal Rules of Civil Procedure, Rule 60(b)(2) states in part that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could

 

not have been discovered in time to move for a new trial under Rule 59(b).[1]

■ A motion for a new trial based on additional evidence is addressed to the court's discretion. *Kargman v. Sullivan*, 582 F.2d 131, 135 (1st Cir. 1978). The Fifth Circuit Court of Appeals held that "[n]ewly discovered evidence must be evidence in existence of which a party was excusably ignorant, discovered after trial. In addition facts implying reasonable diligence must be provided by the movant. The evidence must be material, and not cumulative or impeaching, and it must be such as to require a different result". *United States v. 41 Cases, More or Less*, 420 F.2d 1126, 1132 (5th Cir. 1970). See Also: *Manning, Maxwell & Moore, Inc. v. N.L.R.B.*, 324 F.2d 857, 858–59 (5th Cir. 1963).

■ I have no problem in realizing that the newly offered evidence existed before the trial or that such evidence might require a different result. I do not believe, however, that the plaintiffs have demonstrated evidence of excusable ignorance or an implication of reasonable diligence.

In a memorandum against the motion for a rehearing, the defendant argued that the plaintiff had failed to prove the elements of their case due to a failure to undertake diligent discovery. They pointed out that there was no attempt whatsoever to undertake a deposition or interrogatories of the defendants or their agents prior to trial. The defendants have correctly stated that the plaintiff's desire to introduce additional evidence after losing the case did not constitute a proper ground for granting a new trial or a rehearing. See: *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). Finally, the evidence that the plaintiff now seeks to offer is essentially cumulative new evidence which goes only to the weight and credibility of the existing evidence. It is not newly discovered evidence but rather evidence which could have been discovered prior to the previous trial had due diligence been exercised. Such evidence provides no

basis for granting a new trial or a re-hearing. *Trinity County v. Andrus*, 77 F.R.D. 29, 31 (D.C.Cal.1977).

Therefore, it is the opinion of this Court that the Motion for a Rehearing must be DENIED.

---

1. Rule 59(b) of the Federal Rules of Civil Procedure requires such motion within 10 days after the entry of the judgment.