**In re Anthony J. and Carol TUCHRELLO, Debtors.**

**INTERNATIONAL HARVESTER CREDIT CORPORATION, Plaintiff,**

**v.**

**Anthony J. TUCHRELLO, Defendant.**

**Bankruptcy No. 84–20198.**

United States Bankruptcy Court, W.D. New York.

October 4, 1984.

---

Theron A. Foote, Warsaw, N.Y., D. Bruce Kratz, Rochester, N.Y., for Wyoming County Bank.

William A. Muoio, Rochester, N.Y., for debtors.

William R. Kneeland, Buffalo, N.Y., for International Harvester Credit Corporation.

EDWARD D. HAYES, Bankruptcy Judge.

## MEMORANDUM AND DECISION

A motion has been made by the Wyoming County Bank and by the debtor herein to reopen this Court's Orders of May 2, 1984 and August 21, 1984 because of newly discovered evidence. It should be noted that the Orders arose in a lawsuit between International Harvester Credit Corporation and the debtors.

The newly discovered evidence is that International Harvester Credit Corporation's, hereinafter referred to as IHCC,

UCC–1 was not filed within ten days of delivery of the goods to the debtor and that the pre-existing blanket filings by Wyoming County Bank, covering all farm equipment of the debtor, takes precedent over the liens of IHCC because they did not comply with the provisions of § 9–312 of the New York Uniform Commercial Code to perfect their purchase money security interest in the equipment in question because of late filing.

This motion is made against the following background. The debtors filed a Chapter 11 petition on February 24, 1984. The debtor herein operates a 2,000 acre farm. They have a large pre-petition secured loan to the Wyoming County Bank. In addition, the debtor and the Bank have agreed to a line of working capital approximating $200,000 for this season secured by growing crops. In April of 1984, IHCC moved for adequate protection for the farm machinery, presently, in question. The farm machinery was critical for the planting and harvesting of the debtor's crops and had a value somewhere in the neighborhood of $75,000. On the return date of the motion, the motion was adjourned to April 16, 1984 and at that time, prior to consulting with the Court, William R. Kneeland, attorney for IHCC, L. Bromley, a representative of IHCC, William Muoio, attorney for the debtors, Anthony Tuchrello, the debtor, Rolland Kickbush of Batavia Farm Equipment, who had sold the equipment in question to the debtor, D. Michael Murray, attorney for Batavia Farm Equipment, John Wagner of Wyoming County Bank and Theron Foote, attorney for Wyoming County Bank had a conference. At that conference and the hearings in Court, the issues were thoroughly explored and Rolland Kickbush was examined regarding the transactions. Another conference was held after the hearing with the Court in which all the parties participated. This conference resulted in the Order of May 2, 1984. The attorney for the Bank acknowledged the priority of the IHCC's filing in a letter of April 20, 1984, which provided for payments to be made to IHCC as adequate protection.

Thereafter, about June 6, 1984, the Wyoming County Bank and its attorney, Theron Foote, commenced an action in Supreme Court, Wyoming County, against IHCC and Batavia Farm Equipment based upon its alleged priority of a lien in certain other farm equipment which was purportedly traded in on the equipment which is the subject of this lawsuit.

On or about July, 1984, the debtor defaulted in his adequate protection payments and the attorney for the Bank requested an appointment with the attorney for IHCC to discuss settlement between the Bank and IHCC as set forth in Exhibit H to Kneeland's affidavit. There were conferences between the parties conducted over the period of July 19 through August 12, 1984 which resulted in a settlement agreement. But, there were several small disagreements between the parties and as a result, IHCC moved to turnover certain collateral in the debtor's possession which the debtor refused to release to them. As a result of that hearing, this Court entered its Order of August 21, 1984 directing the debtor to turnover all of the collateral in question unless the sum of $78,000 was paid to IHCC by noon on August 29, 1984.

On August 28, 1984, the debtor and an officer of the Bank appeared in Kneeland's office and tendered him a bank draft in the amount of $78,000. As a result of that, certain documents were prepared which are attached as exhibits to Kneeland's affidavit transferring the rights of IHCC in the equipment in question to the debtor, with liens to the Wyoming County Bank and the lawsuit between Wyoming County Bank, IHCC and Batavia Farm Equipment was terminated as to IHCC.

On September 14, 1984, Theron Foote, attorney for Wyoming County Bank, advised Kneeland that the bank had stopped payment on the check in the amount of $78,000 and moved by the bank's new attorneys, Nixon, Hargrave, Devans and Doyle, to have the Court Orders of May 2, 1984 and August 21, 1984 set aside because of newly discovered evidence.

The newly discovered evidence arose because during a deposition on September 6, 1984, in the lawsuit between Wyoming County Bank and Batavia Farm Equipment, Kickbush, who was president of the Batavia Farm Equipment, testified that Batavia Farm Equipment had delivered the collateral to the debtor prior to the time set forth in the documents which IHCC relied on and more than ten days before IHCC's UCC–1 was filed.

It should be noted that before the final Order settling the problems between the debtor and IHCC, this Court had at least three hearings and at all the hearings, Wyoming County Bank was present by attorney and/or bank officers and participated in the conference in an effort to protect their security and working capital loans. In at least one of these hearings, Rolland Kickbush appeared and testified. He was cross examined. The debtor knew the date the equipment was delivered to him. Mr. Kneeland attested in open Court that IHCC had no knowledge of when the equipment was delivered other than the affirmative representations made to IHCC by Batavia Farm Equipment and the debtor when they assigned the financing paper to IHCC for value. Based on these documents, IHCC filed within the ten days required by the New York Uniform Commercial Code § 9–312.

■ Federal Rule Civil Procedure Rule 60(b)(2) requires that a motion for a new trial on the grounds of newly discovered evidence may not be granted unless the evidence was discovered following the trial and that due diligence to discover the new evidence is shown or may be inferred. The evidence must be material and the evidence must be such that a new trial would properly produce a new result. Finally, this statute is most liberally applied to default judgments where the thorough merits of the case were never considered (*Swift Chemical Co. v. Usamex Fertilizers, Inc.,* 490 F.Supp. 1343). The motion for a new trial based on newly discovered evidence is addressed to the Court's discretion. Additionally, facts implying reasonable diligence are to be produced by the movant. See *In re Auburn Medical Realty, Debtor. David Ferrari, Trustee of Auburn Medical Realty, Plaintiff, v. Charles E. Bonardi, Jr., d/b/a Auburn Medical Center Restaurant, and Auburn Medical Center Restaurant, Inc., Defendants,* 4 B.R. 738–739. The motion for a new trial on the grounds of newly discovered evidence is an extraordinary Order and requirements of the rule must be met. See *In re AG Pro, Inc. v. Bernard A. Sakraida,* 512 F.2d 141. The finality of all judgments require the Courts to be cautious in exercising the discretion vested in them to reopen a case because of newly discovered evidence.

Considering the facts in this case, and the alleged newly discovered evidence, it appears that if the alleged evidence is true, the new trial might result in a different Order than the ones entered by this Court.

■ However, Wyoming County Bank while they may have been financing the debtor were not parties to the lawsuit. Neither of the Orders in question directed Wyoming County Bank to do anything. The Orders required the debtor in the first instance, to pay certain sums as adequate protection to IHCC or turnover the chattels and, in the second instance, to pay IHCC a sum certain or to surrender the chattels to them. The fact that Wyoming County Bank may or may not have a valid prior lien to the chattels, while an issue in this case, was conceded by the debtor defendant, who certainly knew when the equipment in question was delivered to him. His attorney should have known what the debtor knew with regard to the goods in question, had he diligently inquired.

Therefore, since Wyoming County Bank was not a party and even if they had been, they could have with reasonable diligence determined the alleged newly discovered facts prior to trial and brought them to the Court's attention, they are not entitled to relief by this motion. Since the debtor knew the facts prior to trial, he is not entitled to a new trial on the grounds of newly discovered evidence. Improper preparation of a case should not be made the

basis for a new trial especially when the party defending the motion has radically changed their position in regard to the matters at issue. Therefore, the motion is denied and it is so ordered.