[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/14/99
THOMAS K. KAHN
CLERK

No. 97-5320

D. C. Docket No. 94-629-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

STEVIE HILL, a.k.a. Stevie B.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(June 14, 1999)**

Before TJOFLAT and EDMONDSON, Circuit Judges, and KRAVITCH, Senior
Circuit Judge.

PER CURIAM:

Stevie Hill was indicted on a charge of bringing over $10,000 in currency into the United States without fulfilling certain statutory reporting requirements, in violation of 31 U.S.C. §§ 5316(a)(1)(B), 5322(a) (1994).[1] The Government sought forfeiture of the currency pursuant to 18 U.S.C. § 982(a)(1) (1994).[2] On October 11, 1995, a jury found Hill guilty of the reporting violation charged in the indictment. The next day (October 12), the jury, using a special verdict form, found that the currency imported by Hill was not "used or intended to be used to commit or to facilitate the commission of the violations of law charged in the indictment," and therefore the currency was not subject to forfeiture.

Hill then moved the district court for an extension of the seven-day time limit prescribed by the Federal Rules of Criminal Procedure for filing post-trial motions. See Fed. R. Crim. P. 29(c), 33. The district court granted the motion on October 23, stating in its order that Hill had until October 30 to file any post-trial motions. On October 30, Hill filed a motion for new trial. The motion was granted, on the grounds

---

[1] Section 5316(a)(1)(B) requires any person who "transports . . . monetary instruments of more than $10,000 at one time to a place in the United States from or through a place outside the United States" to file a report with the Treasury Department. Section 5322 creates criminal penalties for violations of § 5316(a)(1)(B).

[2] Section 982(a)(1) authorizes forfeiture of any property involved in a violation of § 5316 as part of the sentence imposed.

that the Government's key witness lacked credibility and that the jury's guilty verdict appeared inconsistent with its determination that the currency was not used to facilitate the commission of the offense. The Government appeals. See 18 U.S.C. § 3731 (1994).

We hold that the district court lacked jurisdiction to enter the order granting Hill's motion for new trial. Rule 33 of the Federal Rules of Criminal Procedure, governing new trials, states that a motion for new trial based on grounds other than newly discovered evidence "may be made only within 7 days after the verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed. R. Crim. P. 33. This rule is jurisdictional: After the seven days have expired, the district court no longer has jurisdiction to hear a motion for new trial or to extend the period during which a motion for new trial may be made. See United States v. Bramlett, 116 F.3d 1403, 1405 (11th Cir. 1997).

In this case, the guilty verdict was entered on October 11 and the order extending the time for filing post-trial motions was entered on October 23. Excluding intermediate Saturdays, Sundays, and legal holidays,[3] see Fed. R. Crim. P. 45(a), this

---

[3] In 1995, October 11 fell on a Wednesday and October 23 fell on a Monday; there were therefore two intermediate weekends. There were no intermediate legal holidays: Although Columbus Day is traditionally October 12, see Act of April 30, 1934, ch. 184, 48 Stat. 657, under federal law Christopher Columbus' voyage is now celebrated on the second Monday in October, which, in 1995, was October 9. See 5 U.S.C. § 6103(a) (1994).

means that the district court's order was entered eight days after the guilty verdict was entered. Consequently, the district court lacked jurisdiction to extend the time for filing post-trial motions, and therefore lacked jurisdiction to enter the subsequent order granting Hill's motion for a new trial.

The only potential way around this jurisdictional obstacle would be to measure the seven-day period beginning from the jury's special verdict regarding forfeiture instead of from the jury's guilty verdict. Rule 33, however, states that the seven-day period begins with "the verdict or finding of guilty." Decisions relating to forfeiture are matters of sentencing, and are thus separate from the determination of guilt. See 18 U.S.C. § 982(a)(1) (stating that "the court, in imposing sentence on a person convicted of" certain offenses, shall order forfeiture (emphasis added)); Libretti v. United States, 516 U.S. 29, 38-41, 116 S.Ct. 356, 362-64, 133 L.Ed.2d 271 (1995) (holding that provision regarding forfeiture in a plea agreement related to sentencing, and not to guilt). Therefore, decisions regarding forfeiture – like any other decisions relating to sentencing – do not effect the running of the seven-day period set forth in Rule 33. See Rayor v. United States, 323 F.2d 519, 521 (9th Cir. 1963).

Accordingly, the district court's order granting a new trial is VACATED and the case is REMANDED for further proceedings.