**SULLIVAN**

v.

**UNITED STATES (two cases).**
Nos. 4741, 4742.

United States Court of Appeals
Tenth Circuit.
April 9, 1954.

Writ of Certiorari Granted
June 7, 1954.

See 74 S.Ct. 870.

Llewellyn A. Luce, Washington, D. C., and W. D. Jochems, Wichita, Kan. (Tom Harley, Jr., Wichita, Kan., and Walter H. Maloney, Washington, D. C., were with them on the brief), for appellant.

George Templar, Arkansas City, Kan., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

On February 28, 1952, a duly constituted Grand Jury for the District of Kansas returned two indictments against Odom Farrell Sullivan, one numbered 8751, the other 8752. The first count of the indictment in No. 8751 charged that Sullivan, on March 14, 1946, made a false and fraudulent income tax return for the year 1945, in which he understated his net income and the amount of tax due and owing thereon. Counts Two, Three and Four of such indictment charged like offenses involving the tax years 1946, 1947 and 1948, respectively.

Count One of the indictment in No. 8752 charged that Sullivan was the president of Central Theatre Company, Inc., a corporation, and that he wilfully and knowingly attempted to defeat and evade a large part of the taxes due and owing by the corporation to the United States for the calendar year 1945, by filing a false and fraudulent tax return, wherein he understated the net income of the corporation for the year 1945 and the amount of income tax due thereon. Count Two of such indictment charged a like offense, involving the tax year 1946.

On January 12, 1953, Sullivan filed motions to dismiss the indictments on the ground that the evidence concerning the violations charged was not presented to the Grand Jury pursuant to the direction of the Attorney General of the United States, as required by Executive Order No. 6166, § 5, 5 U.S.C.A. §§ 124–132 note, and Circular Letter No. 2431, issued by the Attorney General to all United States Attorneys, dated August 10, 1933. Both motions were denied.

On April 8, 1953, Sullivan appeared in open court, represented by counsel of his own choosing, and acting on the advice of such counsel entered a plea of nolo contendere to Counts One and Three of the indictment in No. 8751 and Count One of the indictment in No. 8752. The remaining counts were dismissed.

On May 26, 1953, Sullivan was sentenced to imprisonment for a term of three years and to pay a fine of $5,000 on Count One in No. 8751. On Count Three in No. 8751, the imposition of sentence was suspended and Sullivan was placed on probation for a period of three years, to commence after he had served the sentence under Count One. On the same day Sullivan was sentenced to imprisonment for a period of three years on Count One of the indictment in No. 8752, to run concurrently with the sentence imposed on Count One in No. 8751, and to pay a fine of $8,000.

On May 29, 1953, Sullivan filed a motion in arrest of judgment, predicated on the same grounds as the motions to dismiss referred to above.

On June 12, 1953, Sullivan filed a verified amended motion to set aside the judgment of conviction and permit him to withdraw his plea of nolo contendere in both cases.

As grounds for the amended motion Sullivan alleged that in a conference between counsel for Sullivan and the United States Attorney, Eugene W. Davis, and an Assistant United States Attorney, Robert H. Bingham, both Davis and Bingham stated that because of the condition of Sullivan's health and his character and reputation, the court would show leniency if Sullivan entered a plea of nolo contendere to two counts of the indictment in No. 8751 and one count of the indictment in No. 8752; that Mr. Davis further stated that while he would not recommend probation, he would not object to a suspension of sentence and the granting of probation. Sullivan fur-

ther alleged that because of such conversations he believed he would be granted probation if he entered pleas of nolo contendere to three counts of the indictments.

On June 23, 1953, Sullivan filed a petition for probation.

Three of the lawyers who represent Sullivan filed affidavits which supported the averments of the amended motion referred to above. The United States Attorney filed an affidavit in which he averred that he refused to recommend probation and he did not recall that he had made any statement giving assurance that he would not oppose probation. Assistant United States Attorney Bingham filed an affidavit in which he stated that Mr. Davis stated to counsel for Sullivan that he would not recommend probation and that he did not state he would not oppose probation; both Davis and Bingham averred that the latter, in answer to a question from one of Sullivan's counsel as to what recommendation he would make if the court requested a recommendation, stated that he would recommend a one year sentence on each of the three counts, to run consecutively, and a fine of $10,000 on each count. When Sullivan was brought before the court for sentencing, the court inquired of Mr. Davis whether he desired to make any statement. In response thereto, Mr. Davis reviewed the facts in the case, but he made no recommendation with respect to the sentence or with respect to the granting or denying of probation. Counsel for Sullivan made a statement with respect to Sullivan's character and reputation and his long record of service in public and civic affairs, and further stated that his health was not good and requested probation. The court denied the motion in arrest of judgment, the motion for leave to withdraw the pleas of nolo contendere and the application for probation. This appeal followed.

26 U.S.C.A. § 3740 provides:

"No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes or sanctions the proceedings and the Attorney General directs that the suit be commenced."

■ This section by its terms relates only to civil proceedings. It is primarily directed to the maintenance by private persons of qui tam actions.[1]

■ Section 5 of Executive Order No. 6166, promulgated June 10, 1933, 5 U.S.C.A. §§ 124–132 note is set forth in subjoined note 2.[2] The United States Attorneys are an integral part of the Department of Justice[3] and the action of the United States Attorney in presenting the cases to the Grand Jury was in no sense inconsistent with such Executive Order.

Circular Letter No. 2431, after referring to § 5 of Executive Order No. 6166, provides:

1. United States ex rel. Marcus v. Hess, 3 Cir., 127 F.2d 233, 238.

2. "The functions of prosecuting in the courts of the United States claims and demands by, and offenses against, the Government of the United States and of defending claims and demands against the Government, and of supervising the work of United States attorneys, marshals, and clerks in connection therewith, now exercised by any agency or officer, are transferred to the Department of Justice.

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise,

or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice.

"For the exercise of such of his functions as are not transferred to the Department of Justice by the foregoing two paragraphs, the Solicitor of the Treasury is transferred from the Department of Justice to the Treasury Department.

"Nothing in this section shall be construed to affect the function of any agency or officer with respect to cases at any stage prior to reference to the Department of Justice for prosecution or defense."

3. United States v. One 1941 Cadillac Sedan, 7 Cir., 145 F.2d 296, 299.

"In accordance therewith, all United States Attorneys are directed to present evidence to a grand jury concerning violations of revenue laws of the United States only when authorized to do so by this office, unless an emergency calls for immediate action, in which event a full report should promptly be submitted."

Here, there was no showing that an emergency calling for immediate action did not exist. Indeed, the offenses charged in the first count of each indictment would have been barred by limitation on or about March 15, 1952,[4] and the indictments were returned on February 28, 1952.

Moreover, the Grand Jury had plenary power to investigate and return indictments for all public offenses against the United States, committed within the District of Kansas, of which it obtained legal evidence, either through the efforts of the United States Attorney, or on its own initiative.[5]

We conclude that there is nothing in this record that vitiated the two indictments returned by the Grand Jury.

 The trial court found, after a full hearing on the motions, that "no promise of probation or lenience was made, either to the defendant personally or to his counsel by the United States Attorney or his assistant." That finding was supported by the affidavits of the United States Attorney and the Assistant United States Attorney and is binding on this court.

Even if it be assumed that the United States Attorney promised that he would not oppose an application for probation, there is nothing in this record to indicate that he did actively oppose probation. He was under a duty to present the relevant facts with respect to the offenses charged to the court. Those facts may have indicated that probation was not appropriate, but that cannot in any sense be construed to be a violation of his alleged promise not to oppose probation.

 The granting or denial of probation was a matter within the sound discretion of the trial court and there is nothing in this record to indicate an abuse of that discretion.

Affirmed.

---

4. 26 U.S.C.A. § 3748.
5. United States v. Smyth, D.C.N.D.Cal., 104 F.Supp. 283, 288–295; Hale v. Henkel, 201 U.S. 43, 53, 54, 26 S.Ct. 370, 50 L.Ed. 652; See also: In re Miller, C.C., 17 Fed.Cas., page 295, No. 9,552.