## LOTT ET AL. *v.* UNITED STATES.

No. 238. · Argued April 18, 1961.—
Decided June 12, 1961.

*C. W. Wellen* argued the cause for petitioners. With him on the brief were *John H. Crooker* and *Joe S. Moss.*

*Bruce J. Terris* argued the cause for the United States. With him on the briefs were former *Solicitor General Rankin, Solicitor General Cox, Assistant Attorney General Rice, Assistant Attorney General Oberdorfer, Meyer Rothwacks* and *Lawrence K. Bailey.*

MR. JUSTICE WHITTAKER delivered the opinion of the Court.

This case is concerned with the timeliness of an appeal from a judgment of conviction and sentence in a criminal case under Rule 37 (a)(2) of the Federal Rules of Criminal Procedure.[1]

These three petitioners, having been jointly indicted, with two others, on five counts in the United States District Court for the Southern District of Texas for willfully attempting and conspiring to evade the federal income taxes of their corporate employer,[2] entered, and the court accepted, pleas of *nolo contendere* on March 17, 1959. But the court decided that pronouncement of its judgment should await conclusion of the impending jury trial of the other two defendants.[3] Soon after the con-

---

[1] "RULE 37. TAKING APPEAL; AND PETITION FOR WRIT OF CERTIORARI.

"(a) Taking Appeal to a Court of Appeals.

.        .        .        .        .

"(2) *Time for Taking Appeal.* An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. . . ."

[2] The corporate employer and taxpayer was Farnsworth & Chambers Co., Inc. Petitioners were employee-officers of that corporation, and collectively owned approximately 7 percent of its issued and outstanding capital stock. The first four counts of the indictment charged willful attempt to evade the corporation's income taxes for the years 1951, 1952, 1953 and 1954, respectively, and the fifth count charged a conspiracy to commit the four substantive offenses charged.

[3] The two codefendants who stood trial were Richard A. Farnsworth, Sr., and his son. They owned a major part of the corporation's capital stock. Their trial, which began on April 6, 1959, and continued through June 9, resulted in a verdict of acquittal of the son on all counts, and a failure of the jury to agree on any of the counts as to the father.

clusion of that rather protracted trial, the court, on June 19, 1959, orally pronounced its judgment convicting petitioners and sentencing them to imprisonment.[4] Three days later, on June 22, formal judgment was prepared, signed by the judge and filed with the clerk. The next day, June 23, petitioners filed their separate "motion[s] in arrest of judgment." [5] Those motions were denied on July 13. Two days later, on July 15, petitioners filed their separate notices of appeal from the judgment to the United States Court of Appeals for the Fifth Circuit.[6]

On the Government's motion, that court dismissed the appeals as untimely under Rule 37 (a)(2). 280 F. 2d 24. It held, in effect, that, although there is no such express limitation in the Rules, the provisions of Rule 34 [7] impliedly modify and limit the provisions of Rule 37 (a)(2). And it concluded that, although "motion[s] . . . in arrest of judgment" had, in fact, "been made within the 10-day period" after entry of the judgment appealed from (Rule 37 (a)(2)), it cannot be so regarded under these Rules because the tender by petitioners and acceptance by the court of the pleas of *nolo contendere* on March 17 constituted the "determination

---

[4] Petitioners were sentenced to imprisonment—Blocker for three years, Lott and Frazier for two years, on each count, the sentences to run concurrently, and each was fined $20,000.

[5] Each of the motions in arrest prayed, *inter alia*, "that the judgment and sentence . . . be arrested and set aside, that the indictment . . . be dismissed, and that [there] be granted such other relief as justice may demand."

[6] Actually, only Lott appealed on July 15. Blocker and Frazier appealed two days later, on July 17.

[7] *"Rule 34. Arrest of Judgment.*

"The court shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged. The motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period."

of [their] guilt," and, inasmuch as the motions in arrest were not made "within 5 days after [that] *determination of guilt*" as required by Rule 34, it followed that, to be timely under Rule 37 (a)(2), the appeals had to "be taken within 10 days after entry of the judgment or order appealed from" (Rule 37 (a)(2)), or by June 30 or July 2—depending upon whether it was the oral pronouncement of June 19 or the formal entry of June 22 that constituted the judgment—and not "within 10 days after entry of the order denying the motion." (Rule 37 (a)(2).) 280 F. 2d, at 27–28. Because of a conflict between the circuits upon the question presented [8] and of its importance to the proper administration of the criminal Rules, we granted certiorari. 364 U. S. 813.

Buttressed by *Lujan* v. *United States,* 204 F. 2d 171 (C. A. 10th Cir.), and *Smith* v. *United States,* 273 F. 2d 462 (C. A. 10th Cir.), holding, on similar facts, that Rule 37 (a)(2) alone and unaffected by any other Rule prescribes the time within which an appeal must be taken to a Court of Appeals in a criminal case, and further buttressed by their belief that this Court, too, so held, even if *sub silentio,* in exercising jurisdiction, under facts virtually identical to those here, in *Sullivan* v. *United States,* 348 U. S. 170, petitioners point to the facts that Rule 37 (a)(2) is captioned *"Time for Taking Appeal";* that it is the only Rule that purports to deal with the subject; that it does not speak of motions filed within five days, nor after "verdict or finding of guilty" (Rule 33), nor after "determination of guilt" (Rule 34)—

---

[8] In accord with the decision below is *United States* v. *Bertone,* 249 F. 2d 156 (C. A. 3d Cir.). And see *O'Neal* v. *United States,* 264 F. 2d 809 (C. A. 5th Cir.); *Drown* v. *United States,* 198 F. 2d 999 (C. A. 9th Cir.); *Godwin* v. *United States,* 185 F. 2d 411 (C. A. 8th Cir.). To the contrary are *Lujan* v. *United States,* 204 F. 2d 171 (C. A. 10th Cir.); *Smith* v. *United States,* 273 F. 2d 462 (C. A. 10th Cir.); and see *Sullivan* v. *United States,* 212 F. 2d 125 (C. A. 10th Cir.), affirmed, 348 U. S. 170.

whatever that term may mean—and makes no reference to timeliness, under any other Rule, of the motions of which it speaks, but that it simply says in plain and unmistakable language that "An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion . . . in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion." Then, after pointing to the admitted fact that their motions in arrest were "made within the 10-day period"—actually within three days—after entry of the judgment appealed from, and that they appealed on the second day after their motions were denied, petitioners strenuously insist that their appeals were timely. They contend that to hold their appeals to have been untimely, in these circumstances, would be to mutilate the plain language of Rule 37 (a)(2) and to make of it a trap even for the wary—including their experienced and competent counsel who were doing their best to protect petitioners' rights of appeal. And they insist that such a snare should not be permitted to deprive one of the valuable right of an appeal upon which his liberty, or even his life, may well depend.

Though we are impressed by this demonstration and argument, as also by the legalisms of the Government's countervailing argument, and although recognizing, as we do, the obscurity, if not inconsistency, in these Rules that has been exposed by this case, we need not here decide whether Rules 33 and 34 modify Rule 37 (a)(2) so as to limit the time which it specifies for the taking of an appeal—but may and should leave that problem and its kindred ones, brought to the fore in this case, for resolution by the rule-making process,[9] *United States* v. *Robin-*

---

[9] In light of the confusion that has arisen under these Rules, as exposed by this case, it is hoped that those who advise the Court

*son,* 361 U. S. 220—for we have concluded that it was the judgment of conviction and sentence, not the tender and acceptance of the pleas of *nolo contendere,* that constituted the "determination of guilt" within the meaning of Rule 34. And, inasmuch as the motions in arrest were "made within 5 days after [that] determination of guilt," as required by Rule 34, and thus, in any view, were also "made within the 10-day period" after entry of the judgment appealed from, as required by Rule 37 (a)(2), the appeal, taken "within 10 days after entry of the order denying the motion," was timely.

Although it is said that a plea of *nolo contendere* means literally "I do not contest it," *Piassick* v. *United States,* 253 F. 2d 658, 661, and "is a mere statement of unwillingness to contest and no more," *Mickler* v. *Fahs,* 243 F. 2d 515, 517, it does admit "every essential element of the offense [that is] well pleaded in the charge." *United States* v. *Lair,* 195 F. 47, 52 (C. A. 8th Cir.). Cf. *United States* v. *Frankfort Distilleries,* 324 U. S. 293, 296. Hence, it is tantamount to "an admission of guilt for the purposes of the case," *Hudson* v. *United States,* 272 U. S. 451, 455, and "nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record," *United States* v. *Norris,* 281 U. S. 619, 623. Yet the plea itself does not constitute a conviction nor hence a "determination of guilt." It is only a confession of the well-pleaded facts in the charge. It does not dispose of the case. It is still up to the court "to render judgment" thereon. *United States* v. *Norris, supra,* at 623. At any time before sentence is imposed—*i. e.,* before the pronouncement of judgment—the plea may

with respect to the exercise of its rule-making powers—more particularly of course the Judicial Conference of the United States (28 U. S. C. § 331) and the Advisory Committee on Federal Rules of Criminal Procedure—will give these problems their early attention.

be withdrawn, with the consent of the court. Rule 32 (d), Fed. Rules Crim. Proc. Necessarily, then, it is the judgment of the court—not the plea—that constitutes the "determination of guilt." Apart from the opinion below, we have not been cited to any case, and have found none, that holds or even intimates the contrary.

In view of this disposition of the jurisdictional question, we need not decide petitioners' alternative contentions that their motions in arrest should be treated as motions under Rule 12 (b)(2) of the Federal Rules of Criminal Procedure (see *Finn* v. *United States,* 256 F. 2d 304, 306 (C. A. 4th Cir.); *Hotch* v. *United States,* 208 F. 2d 244, 250 (C. A. 9th Cir.); *United States* v. *Holmes,* 110 F. Supp. 233, 234 (D. C. S. D. Tex.)), or as motions to vacate sentences under 28 U. S. C. § 2255 (see *Marteney* v. *United States,* 216 F. 2d 760 (C. A. 10th Cir.); *Finn* v. *United States, supra*).

The judgment is reversed and the cause is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE CLARK, with whom MR. JUSTICE FRANKFURTER, MR. JUSTICE HARLAN and MR. JUSTICE STEWART join, dissenting.

The Court characterizes "determination of guilt," as used in Rule 34,[1] by the significant phrase, "whatever that term may mean." It then finds that the acceptance of a *nolo contendere* plea is not such a determination. I submit that this Court has held that acceptance of such a plea is a "determination of guilt," and that today's deci-

---

[1] Rule 34 states in pertinent part that "[t]he motion in arrest of judgment shall be made within 5 days after determination of guilt or within such further time as the court may fix during the 5-day period."

sion is not only contrary to prior cases, but is also out of tune with the long-accepted practice of both federal and state courts. Believing that it will result in such confusion as to the requirements of our Rules that the administration of criminal justice will be adversely affected, I must respectfully dissent.

At the time petitioners Blocker and Frazier offered their pleas (March 17), the Government objected to their acceptance by the court, as it did when Lott offered his (March 20). The court heard counsel and warned the parties of the seriousness of the charge, *i. e.,* that the charge was willful tax avoidance, that the plea was voluntarily made without promises, and that the sentence might be five years' confinement in addition to a large fine. After being assured by each of the parties that he wished to enter his plea, the court accepted them. Orders were entered in the minutes of the court as to each defendant, accepting the pleas and directing that a "pre-sentence investigation" be undertaken "for sentence at conclusion of entire case." The delay as to sentence was occasioned by the awaited trial of two additional defendants who had pleaded not guilty. The record shows that on June 19, after that trial was concluded (one defendant being acquitted and the other having a hung jury), petitioners appeared in court "on the criminal action docket *for sentence . . . .*" (Emphasis added.) The court, in addressing the parties, said, "[a]ll three of you have entered a plea of nolo contendere, and *that is equivalent to a plea of guilty.*" (Emphasis added.) Neither counsel nor the parties made any comment on this characterization of their pleas. Thereafter, petitioners and their counsel made statements in mitigation, after which sentence was pronounced. At no time were any motions made for permission to withdraw the pleas. On June 22, the formal judgments and commitments on the sentences were entered and each petitioner filed a motion in arrest

of judgment on the next day. It is these motions that the Court of Appeals held should have been filed within five days of the acceptance of the pleas of *nolo contendere* in March. The Court, however, holds that the crucial date on which the "determination of guilt" was made was the day of the judgment of conviction and sentence.[2] Since the motions in arrest came within five days thereafter, the Court says they were timely under Rule 34, as were the appeals that followed, under Rule 37 (a)(2).[3]

Rule II (2) of the Criminal Appeals Rules, 292 U. S. 661, 662, the predecessor of present Rule 34, stated that "motions in arrest of judgment . . . shall be made within three (3) days after verdict or finding of guilt." Certainly "verdict" referred to a jury verdict of guilt. A plea of guilty has always been considered the equivalent of a jury finding of guilty. See *United States* v. *Norris,* 281 U. S. 619 (1930); *United States* v. *Bradford,* 194 F. 2d 197. The same is true of a plea of *nolo contendere.* Our cases have long and consistently held that, "like the plea of guilty, it is an admission of guilt for the purposes of the case." *Hudson* v. *United States,* 272 U. S. 451, 455 (1926). As this Court said in *United States* v. *Norris,*

---

[2] Whether this date is June 19, when the court orally pronounced sentence, or June 22, when the court formally entered judgments and commitments, is not made clear for, under the Court's rationale, these appeals would be timely if either date were considered that of the "determination of guilt."

[3] While the Court does not place its decision solely on the language of Rule 37 (a)(2), it is well to note that under that Rule an appeal must be taken "within ten days after entry of the judgment." If, however, a motion "in arrest of judgment has been made within the 10-day period," the appeal period is tolled until the motion is overruled. Petitioners argue that since their motions in arrest were filed within the "10-day period" subsequent to judgment and were not overruled until July 13, their appeals (filed July 17) are timely. I assume that the Court considers this contention—making Rule 34 mere surplusage—entirely untenable since it specifically refuses to pass upon it.

*supra,* after its entry, "the plea of *nolo contendere,* upon that question [of guilt or innocence] and for that case, was as conclusive as a plea of guilty would have been. . . . The court was no longer concerned with the question of guilt, but only with the *character and extent of the punishment.* . . . The remedy of the accused . . . was to withdraw, by leave of court, the plea of *nolo contendere* . . . ." At p. 623. (Emphasis added.)

Rule 34, the successor to Rule II (2), is likewise clear and unambiguous—it says the motion must be filed within five days of "determination of guilt," not the time of judgment or sentence. The Court today, however, rewrites the Rule by holding that the judgment date is the controlling one. "[I]t is the judgment of the court . . . that constitutes the 'determination of guilt.'" *Ante,* p. 427. It has, however, long been recognized that determination of guilt and entry of judgment are disparate. *United States* v. *Norris, supra;* Fed. Rules Crim. Proc., 32 (b). If the framers of the Rules had intended to have the time for filing the motion in arrest run from the date of judgment, they would have said so. Instead they said that Rule 34 *"continues existing law* except that it enlarges the time for making motions in arrest of judgment from 3 days to 5 days. See Rule II (2) of Criminal Appeals Rules, 292 U. S. 661." [4] (Emphasis added.) "Existing law" did not allow motions in arrest unless made within three days of "verdict or finding of guilt."

The majority notes petitioners' argument that *Sullivan* v. *United States,* 348 U. S. 170 (1954), supports today's decision "even if *sub silentio.*" With due deference, I say it does not. No question of jurisdiction was raised or considered in that case, either in the Court of Appeals

---

[4] Notes of Advisory Committee on Rules, 18 U. S. C. (1958 ed.), at p. 3428.

or in this Court.[5]  The case dealt solely with the merits of motions to dismiss and to withdraw a plea of *nolo contendere* under Rule 32 (d) after sentence.

The Court attempts to bolster its decision by noting that a *nolo contendere* plea "does not constitute a conviction," that it "does not dispose of the case" and that "[i]t is still up to the court 'to render judgment' thereon." However, these statements are just as true when a guilty plea is accepted or the jury returns a verdict of guilty. They certainly were equally true under former Rule II (2). The judgment sentencing and committing the defendant in each of these instances would still have to be entered. In actual practice, then, nothing more is left to be done by the court after accepting a *nolo contendere* plea than is necessary after accepting a guilty plea or after a jury returns a verdict of guilty.  In each of the three situations, guilt has been determined upon the acceptance by the court of the respective pleas or of the verdict of the jury.  In each case, motions to withdraw the pleas or to set aside the verdict may be made, and might be granted, but their availability does not alter the fact that, until any such motion is granted, there has been a determination of guilt.

It appears rather unseemly to me for the Court to enlarge, through judicial decision, the time for filing motions in arrest and, in consequence, that for taking an appeal.  Only last Term, we said in *United States* v. *Robinson,* 361 U. S. 220, 229 (1960), that this should be effected "through the rule-making process . . . ." As was pointed out there, Rule 45 (b) specifically provides that "the court may not enlarge the period for taking any

---

[5] Petitioner's plea of *nolo contendere* was entered on April 8 and immediately accepted by the court.  His motion in arrest of judgment was filed on May 29 and denied on June 23.  The District Court gave no reason for its denial.  The appeal was filed June 23.

action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal." The Court has, by today's opinion, enlarged the time provided in these Rules, contrary to their express provision, contrary to our prior cases, and contrary to the long-established practice at the Bar. In so doing, it places these Rules in a state of utter confusion, and must thereby surely drive the Bar and the trial courts to procedural distraction. I would affirm.