**Lydia MAGRAS,**

v.

**GOVERNMENT OF THE VIRGIN ISLANDS.**

No. 01–4531.

United States Court of Appeals, Third Circuit.

Argued: May 15, 2002.

Opinion Filed: June 7, 2002.

Iver A. Stridiron, Attorney General, El-liott McKiver Davis, Solicitor General, Maureen P. Cormier (argued), Assistant Attorney General, Department of Justice, St. Thomas, USVI, for Appellee.

Treston E. Moore (argued), Charles S. Russell, Jr., Moore, Dodson & Russell, P.C., St. Thomas, VI, for Appellant.

Before AMBRO and FUENTES, Circuit Judges, and GARTH, Senior Circuit Judge.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Lydia Magras appeals her conviction in the Territorial Court on charges of compounding the crime of embezzlement. Magras claims that the relevant Virgin Islands' statute, 14 V.I.C. § 521(a), is unconstitutional, both on its face and as applied to her by the Territorial Court. Because we agree with the conclusions of the Territorial Court, as well as the conclusions of the District Court on Magras' prior appeal, we will affirm.

### I

Lydia Magras was the co-owner and co-founder of Bon Voyage Travel Agency, Inc. in Frenchtown, St. Thomas, along with Evelyn Shoemaker.[1] In 1996, Magras bought out Shoemaker's share of the business, and became the sole shareholder of the corporation. Later that same year, Magras took on a new partner, her cousin Lorraine Quetel. At that time, Quetel was employed full-time as a bookkeeper at Little Switzerland, Inc. and was authorized to write checks for limited business-related purposes.

On August 12, 1996, Quetel paid Magras the first installment of the $170,000 due under their Partnership Agreement, with a $25,000 check drawn on a little-used deposit account of Little Switzerland. Magras endorsed this check and deposited it in Bon Voyage's account at Banco Popular. This would be the first of twenty-eight alleged acts of embezzlement, between Au-

---

1. Lydia Magras avoided a trial by pleading *nolo contendere* to one count of compounding a crime. Consequently, the record is "lean of facts." *See, Margas v. Gov't of the V. Islands,* D.C. Crim. App. 2000–583, 2001 WL 1691548 (D.Virgin Islands 2001). The following account, therefore, offers those facts that are undisputed by either party.

gust 14, 1996 and April 17, 1997, involving the same bank accounts and the same sequence of events (including Magras' individual endorsement of many of the checks). The total amount involved was approximately $1.7 million. See Gov't's Br. At 5–6 (individually listing the dates, check numbers and amounts of the twenty checks endorsed by Magras and deposited in the Bon Voyage account).

On February 4, 1998, Quetel and Magras were arrested, and each was subsequently charged with one count of violating the Virgin Islands' Criminally Influenced and Corrupt Organizations Act ("CICO" a local "RICO" type statute), 14 V.I.C. § 600, et seq., along with 28 counts of embezzlement against Quetel, and twenty counts of aiding and abetting embezzlement against Magras, all pursuant to 14 V.I.C. §§ 1093 & 1094(a)(2). However, on May 13, 1998, Quetel pled guilty to the reduced charge of one count of embezzlement. At the same time, the Territorial Court agreed to grant the Government's motion to dismiss the initial charges against Magras without prejudice. The Government subsequently filed separate charges against Magras, including 2 counts alleging CICO violations, 20 counts of compounding the crime of embezzlement, and five counts of embezzlement and forgery relating to the travel agency's business relationship with the airline industry's Agent Reporting Plan.

On May 27, 2000, Magras, in an agreement with the Government, pled *nolo contedere* to a single count ["Count III"] of compounding the crime of embezzlement, 14 V.I.C. § 521(a), based solely upon the initial $25,000 check. That count alleged that Magras had "knowledge of the actual commission of a crime of embezzlement, and [took] the money of another upon an express or implied agreement to compound or conceal said crime." App at 239. Specifically, Count III stated that Lorraine Quetel was a bookkeeper at Little Switzerland, with care and control over certain Little Switzerland property. *Id.* It further alleged that Quetel "fraudulently appropriated [the property of Little Switzerland] to her own use" by writing a check for $25,000 from that account to Magras' company, Bon Voyage Travel. Count III also alleged that the money was deposited into Bon Voyage Travel's bank account with Magras' knowledge and consent in order to keep and conceal those funds, and that Magras, as an authorized signatory of that account, had free access to those funds for her own purposes. Finally, it alleged that Magras did in fact take some of those funds for agreeing to keep and conceal them, all in violation of 14 V.I.C. § 521(a)(2).

Magras received a sentence of 33 months of incarceration. Her plea agreement explicitly preserved only Magras' right to appeal the constitutionality of the "compounding-a-crime" statute at 14 V.I.C. § 521(a).[2] Magras filed a timely appeal with the Appellate Division of the District Court on this issue. In an order and opinion dated December 21st, 2001, the District Court concluded that the statute is constitutional, both on its face, and as applied to Magras. This appeal followed.

---

**2.** Although the government has not pressed the issue that Magras pled nolo contendere, which is substantially equivalent to a guilty plea, and which therefore might deprive the Appellate Division of jurisdiction, *see* 4 V.I.C. § 33, neither the government nor the Appellate Division relied on that statute inasmuch as Magras has charges that 14 V.I.C. § 521(a) is unconstitutional. We have held that a colorable constitutional claim vests the court with jurisdiction despite § 33. *See Government of the Virgin Islands v. Warner,* 48 F.3d 688, 692–93 (3d Cir.1995).

## II

This Court has jurisdiction over appeals from all final decisions of the District Court on appeal from the Territorial Court. 48 U.S.C. § 1613. We exercise plenary review over the District Court's determination as to the constitutionality of a challenged statute. *Gov't of the Virgin Islands v. Steven,* 134 F.3d 526 (3d Cir. 1998).

## III

14 V.I.C. § 521(a) of the Virgin Islands Code states, in relevant part:

> Whoever, having knowledge of the actual commission of a crime, takes money or property of another or any gratuity or reward, or an engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime, or a violation of this title or other law, or to abstain from, discontinue, or delay, a prosecution therefor, or to withhold any evidence thereof, except in a case provided for by law in which the crime may be compromised by leave of court, shall be imprisoned not more than—... (2) three years, where the agreement or understanding relates to any other felony;....

The charge of "compounding a crime" has been described as the acceptance of anything of value under an unlawful agreement not to prosecute a known offender, to conceal a crime, or to handicap the prosecution of a case. LaFave & Scott, *Substantive Criminal Law* § 6.9.

Magras' plea of *nolo contendere* to Court III of the government's information is tantamount to an admission of the essential elements of the offense. *See Lott v. United States,* 367 U.S. 421, 426, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961). Count III alleged that on August 12, 1996, Magras had actual knowledge of a crime of embezzlement and did take money upon an express or implied agreement to compound or conceal the crime when she knowingly consented to the deposit of a check for $25,000 fraudulently drawn on a Little Switzerland account by Quetel and deposited in a Bon Voyage account, and when she took some of those funds for agreeing to keep the funds and conceal the crime. Therefore, for the purposes of this appeal, we must assume that the facts alleged in Count III are already proven and only the legality of the statute is at issue.

On appeal, Magras claims that the Virgin Islands' compounding crime statute is unconstitutional both on its face and as it was applied to her by the Territorial Court. Specifically, Magras argues that the law is constitutionally overbroad and therefore infringes upon her First Amendment right of association, Fourth Amendment right of privacy, and Fifth Amendment right not to incriminate herself. Additionally, she argues that 14 V.I.C. § 521(a) is unconstitutionally vague because it fails to adequately warn the public of proscribed conduct and that it provides no safeguards against arbitrary and discriminatory enforcement in violation of the Due Process Clause.

After a careful and thorough review of the record and the arguments presented on appeal, we find no basis for disturbing the rulings of the Appellate Division of the District Court. Therefore, we affirm the judgment of that Court substantially for the reasons stated in its written opinion. Above all, we agree with the Appellate Division that the "compounding crime" statute, 14 V.I.C. § 521(a), is not unconstitutional, either facially or as applied to Magras, and that the statute is not an anachronism or "dead-letter" law requiring judicial nullification.