**Hector FLORES–CORDOVA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney General of**
**the United States, Respondent.**

**No. CIV. 3:03CV397(PCD).**

United States District Court,
D. Connecticut.

Aug. 5, 2003.

Michael G. Moore, Law Offices of Maria De Castro Foden, Hartford, for Hector Flores–Cordova, petitioner.

Krishna R. Patel, Attorney, U.S. Attorney's Office, New Haven, for John Ashcroft, Atty Gen USA, respondent.

## ORDER TO SUPPLEMENT RECORD AND TO STAY DEPORTATION

DORSEY, District Judge.

Petitioner, an Ecuadorian native, and lawful permanent resident of the United States, plead guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 38, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to possession of narcotics with intent to sell in violation of CONN. GEN. STAT. § 21a–277(a). On October 26, 2000, petitioner was notified by the Immigration and Naturalization Service ("INS") that his Connecticut conviction rendered him removable pursuant to § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), for conviction of an aggravated felony involving the illicit trafficking in a controlled substance, *see* 8 U.S.C. § 1101(a)(43)(B).

Petitioner thereafter appeared before an Immigration Judge ("IJ"), at which he was represented by counsel. By decision dated July 12, 2002, the IJ found that petitioner had failed to establish derivative citizenship by virtue of his mother's naturalization, that petitioner's claim that his conviction lacked finality was without merit and that he was not eligible for discretionary relief from removal. The IJ indicated in his ruling that of the four allegations contained within the Notice to Appear, specifically (1) "[y]ou are not a citizen or native of the United States", (2) "[y]ou are a native of Ecuador, and a citizen of Ecua-

dor," (3)"[y]ou were admitted to the United States at Miami, Florida on or about July 9, 1964 as an immigrant" and (4) "[y]ou were on April 10, 2000, convicted in the Superior Court [at] Danbury, Connecticut for the offense of 'Possession of Narcotics with Intent to Sell' in violation of [CONN. GEN. STAT. § 21a–277(a) ]," petitioner "through his representative . . . admitted all allegations except Allegation 1," IJ Ruling at 1.[1] By decision dated December 3, 2002, the Board of Immigration Appeals adopted and affirmed the IJ's ruling.

■ Petitioner now argues that a conviction under CONN. GEN. STAT. § 21a–277(a) does not constitute a conviction of an aggravated felony involving the illicit trafficking in a controlled substance under § 237(a)(2)(A)(iii) of the INA. Having reviewed the substance of the opinions of the IJ and BIA, there is serious doubt as to whether petitioner's argument was raised in the immigration proceedings.[2] The ruling of the IJ addresses two issues: (1) "whether the respondent derived United States citizenship under [s]ection 321 of the . . . [INA]," IJ Ruling at 3, and (2) whether "[petitioner]'s . . . criminal conviction is . . . final," *id.* at 5. The BIA's decision is similarly silent on the issue, adopting the IJ's decision in a one-page opinion and adding only that "[petitioner] also argues on appeal that his conviction is not a conviction for immigration purposes because he pled guilty under the *Alford* doctrine."

---

1. It is further not apparent how petitioner could be permitted to attack general prohibitions of the state statute if he in fact admitted to the fourth allegation, possession of narcotics with intent to sell. *See Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986) (providing that a petitioner is generally bound by admissions made in the course of immigration proceedings).

2. Petitioner must establish that he exhausted the present issue by affording the IJ and BIA "a fair opportunity to pass upon his . . .

claim." *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir.1982) (standard applicable to habeas petitions contesting state court convictions). If the issues identified in the immigration proceedings accurately reflect the issue argued by petitioner, such would be the equivalent in criminal proceedings of arguing that the Government failed to carry its burden of proof in establishing *mens rea* and later arguing on appeal that the same criminal statute is ambiguous.

It would be expected that, had the issue been raised in either proceeding, the decisions would reflect the categorical statutory analysis required to address the issue, *see Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir.2001), the very analysis present in the unpublished BIA decisions submitted by petitioner in support of his petition. Such is not the case as neither the opinion of IJ nor the BIA goes so far as to quote the text of CONN. GEN. STAT. § 21a–277(a), let alone engage in any substantial interpretation of the state and federal statutes involved herein.

 It goes without saying that petitioner may not raise a novel issue in a habeas petition without an exceptional justification for so doing. "[A] party [is required] to pursue all possible relief within the deciding agency before seeking federal judicial review of an unfavorable administrative decision." *Theodoropoulos v. INS*, 313 F.3d 732, 736 (2d Cir.2002); *Beharry v. Ashcroft*, 329 F.3d 51, 60–62 (2d Cir. 2003) (questioning continued viability of statutory exhaustion requirement but applying judicial exhaustion doctrine in con-

cluding petitioner failed to exhaust administrative remedies prior to petitioning for writ of habeas corpus). Any unexhausted claim must be dismissed for want of jurisdiction.[3] *Theodoropoulos*, 313 F.3d at 736. This Court is further obliged to ensure its jurisdiction to resolve an issue, and dismiss an action *sua sponte* if such jurisdiction is lacking. *See Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 266 (2d Cir.1996).

 As this Court's jurisdiction to resolve the present petition is dubious, petitioner shall supplement the present record within two weeks of the date of this order.[4] Petitioner shall establish to the satisfaction of this Court, through either briefs submitted in the immigration proceedings or transcripts of the same, that the present issue was raised therein. If petitioner did not raise the present issue in the immigration proceedings, he shall inform this Court immediately. Failure to respond with two weeks shall constitute a manifestation of consent to dismissal for lack of jurisdiction.[5]

Consistent with the notice given respondent by telephone on July 25, 2003, and as a consequence of respondent's representa-

---

3. There may be the occasion on which it is appropriate to review questions not presented to administrative agencies, such as when an issue is of constitutional magnitude, *see Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995); *Arango–Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir.1994); *Xiao v. Barr*, 979 F.2d 151, 154 (9th Cir.1992), and the agency is not empowered to review the claim, *see Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (BIA lacks authority to address constitutional claims). Such is not the case with a question of statutory interpretation couched as a constitutional violation as the BIA is empowered to resolve questions of statutory interpretation and has frequently done so. *See, e.g., Hughes v. Ashcroft*, 255 F.3d 752, 757 (9th Cir.2001).

4. Petitioner should have little difficulty obtaining such evidence as Michael Moore, petitioner's present counsel, also represented him in his appeal to the BIA.

5. The record is sufficient to resolve one issue raised by petitioner before the BIA and implicated to some extent by the present petition, specifically that a conviction pursuant to an *Alford* plea is not a conviction under the INA. Under the INA, a "conviction" is defined as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where—(I) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or *nolo. contendere* or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." 8 U.S.C. § 1101(a)(48)(A). Significantly, the INA's definition of "conviction" includes a plea of *nolo contendere*, which under federal standards "does not constitute a conviction nor hence a 'determination of guilt.'" *Lott v. United States*, 367 U.S. 421, 426, 81 S.Ct. 1563, 1567, 6 L.Ed.2d 940 (1961). An *Alford*

tion that petitioner was to be deported on July 28, 2003, petitioner's motion to stay is reconsidered *sua sponte* and granted. Respondent and the Department of Homeland Security shall take no further action to deport petitioner and are to notify this Court and petitioner or her counsel well in advance of any intention to institute or execute further deportation proceedings. The stay will remain in effect as necessary to permit petitioner to exercise his appellate rights. Petitioner is directed to notify respondent if he intends not to pursue an appeal, and, barring such notice, the Government shall notify this Court of either a failure to file a timely appeal or denial of petitioner's appeal, at which time the stay will be ordered vacated.

SO ORDERED.

plea, having no "material difference" in comparison to a *nolo contendere* plea, *see Alford,* 400 U.S. at 37, 91 S.Ct. 160, thus is no less a conviction than would be a conviction based on an unqualified guilty plea. *See Ruis–Rubio v. INS,* 380 F.2d 29, 29 (9th Cir.1967) ("the conviction may be noticed for purposes of deportation where the fact of the conviction is itself the only thing that is relevant"); *United States ex rel. Bruno v. Reimer,* 98 F.2d 92, 93 (2d Cir.1938) ("since [deportation] depends upon conviction and sentence, conviction and sentence are the only relevant facts, and the accused may be deported whenever these have been procured by any lawful procedure"). Petitioner's argument is therefore without merit.